UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WASHINGTON DAVIS,

        Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

        Defendants.

21-CV-5242 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Georgia, brings this *pro se* action, for which the relevant fees have been paid. Plaintiff filed this complaint alleging that Defendants violated his constitutional rights.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), that it fails to state a claim, *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

---

[1] Plaintiff filed this complaint in the United States District Court for the Middle District of Georgia, and that court transferred the matter here. *See Davis v. City of New York*, No. 21-CV-188 (M.D. Ga. June 10, 2021).

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges that in New York in 1984, he was falsely arrested and maliciously prosecuted on burglary charges and then wrongly imprisoned, even though the state court had dismissed the charges. Plaintiff sues scores of defendants; among them are state and federal judges, among them justices of the Supreme Court of the United States; the governor and attorney general of New York and other New York State officials; state agencies, correctional facilities and a psychiatric center and employees at those institutions; and a doctor at the Bronx House of Detention. Plaintiff claims that Defendants conspired to deprive him of his liberty and his right to recover damages for his injuries. (ECF 1 ¶ 7.) Plaintiff filed a proposed order to show cause seeking unspecified injunctive relief.

Plaintiff previously filed a complaint asserting substantially similar claims regarding the same 1984 arrest, conviction, and allegedly false imprisonment. *See Davis v. City of New York,* ECF 1:14-CV-1668, 4 (LAP) (S.D.N.Y. Apr. 1, 2014) (*Davis I.*) In *Davis I,* Judge Preska issued an order construing Plaintiff's claims as arising under 42 U.S.C. § 1983 and dismissing them on the following grounds: (1) Plaintiff's challenge to the legality of his conviction was not properly brought under section 1983;[2] and (2) Plaintiff's other claims could not proceed because: (i) they were untimely; (ii) they were barred by the favorable termination rule set forth in *Heck v.*

---

[2] Plaintiff had previously been advised that "any attack on his 1984 conviction must be brought in a *habeas* petition and that a new application for *habeas* relief would be treated as a successive petition." *Id.* (citing *Davis v. Hecht*, No. 13-CV-6448 (LAP) (S.D.N.Y. Nov. 26, 2013)) (noting that Plaintiff was no longer in custody on the challenged conviction and concluding that his "petition constitutes an abuse of the writ"), *aff'd*, 13-4672 (2d Cir. Jan. 27, 2014).

*Humphrey*, 512 U.S. 477 (1994)); (iii) the defense attorneys were not state actors for purposes of section 1983 liability; (iv) the judges and New York State defendants were immune from suit; and (v) Plaintiff's vague allegations failed to state a viable conspiracy claim. *Id.*

In that order, Judge Preska further noted that Plaintiff had been warned that he would be barred from filing future cases *in forma pauperis* (IFP) if he persisted in filing nonmeritorious actions in this District, *see Davis v. Salman*, No. 14-CV-504 (LAP) (S.D.N.Y. Jan. 30, 2014) (listing cases and issuing warning), and she directed Plaintiff to show cause why he should not be barred under 28 U.S.C. § 1651 from filing any further actions in this Court IFP without first obtaining permission for leave to file. Plaintiff did not respond, and Judge Preska issued a bar order in *Davis I* on July 9, 2014.

## DISCUSSION

Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018), *rev'd on other grounds*, 140 S. Ct. 1589 (2020). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or

those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Judge Preska dismissed the complaint in *Davis I* for failure to state a claim on which relief may be granted, which is an adjudication on the merits. *See Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) ("[A] dismissal for failure to state a claim operates as a final

judgment on the merits and thus has res judicata effects." (internal quotation marks and citation omitted)). Plaintiff sues many of the same parties or office holders that he did in *Davis I*. And because his claims in this action arise out of the same events as his claims in *Davis I*, any claims against the defendants in this action could have been asserted in the earlier one. Accordingly, under the doctrine of claim preclusion, Plaintiff cannot litigate those claims in this action. The Court therefore dismisses Plaintiff's complaint for failure to state a claim on which relief may be granted, under the doctrine of claim preclusion. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (holding that dismissal for failure to state a claim is appropriate where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law" by claim preclusion)

Plaintiff is warned that further repetitive litigation in this Court will result in an order barring him from filing new actions without prior permission, even if he pays the fees. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). His application for an order to show cause is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket

SO ORDERED.

Dated: June 28, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge